# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ERIC GRANADO,

Plaintiff,

vs.

CITY OF IMPERIAL et al.,

Defendants.

CASE NO. 15cv435-LAB (PCL) and 16cv1869-LAB (PCL)

**ORDER OF DISMISSAL** (16cv1869)

**ORDER PARTIALLY GRANTING CONTINUANCE** (15cv435)

In February 2015, Eric Granado sued Imperial Police Chief Miguel Colon and others for retaliation. The Court partially dismissed the first complaint, but allowed Granado an opportunity to amend. Granado filed his amended complaint about a year later. The Court issued a scheduling order that required the parties to file any motion "to amend the pleadings, or to file additional pleadings" by July 11, 2016.[1] A week after he missed the July deadline, Granado filed a new action against the same parties, for the same causes of action, for the same relief. Defendants moved to consolidate. Granado opposed.

The Court may "dismiss a duplicative later-filed action." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Granado's "new" complaint states that "additional acts" of retaliation occurred since filing "the initial lawsuit" in 2015. Specifically, he says Defendants have continued to retaliate against him by issuing "frivolous reprimands."[2]

---

[1] Dkt. 32, 15cv435.

[2] Dkt. 1 at ¶ 8, 26-28, 16cv1869.

- 1 -

Granado doesn't dispute that these "additional acts" occurred before the July deadline. Instead, he argues that "the factual allegations that make up each complaint consists almost entirely of a different set of circumstances, to which an entirely different case must be presented." Specifically, Granado says that the "new" complaint is different because it alleges "frivolous written reprimands," that defendants have been "disparaging" Granado, and that defendants are "releasing confidential" information about him.[3]

Yet, two paragraphs earlier, Granado says that his amended complaint in the original action is "predicated on a whole host of additional fact-specific adverse actions" including frivolous "written reprimands," "disparaging remarks," and allegations that defendants "released confidential" information about him.[4] A redline comparison of the two complaints confirms the problem: about 38 of the 43 paragraphs in the "new" complaint are copy and pasted word-for-word from the amended complaint in the original case.[5]

The Court dismisses Granado's complaint in case 16cv1869 as duplicative and directs the clerk to close the case. The motion to consolidate is dismissed as moot. (Dkt. 34.) The Court grants the parties a short continuance for only two deadlines: (1) the fact discovery deadline is moved to April 14, 2017; and (2) the mandatory settlement conference is moved to April 26, 2017 at 1:30 pm.

**IT IS SO ORDERED**.

DATED: ___3-6-17___

_Larry A. Burns_

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[3] Dkt. 37 at 3, 15cv435.

[4] _Id._ at 2.

[5] Dkt. 1 at ¶¶ 1-7, 9-18, 20-25, 29-43, 16cv1869.